EMELINE A. T. WHITFORD v. LEVERETT CROOKS ET AL.

[See 47 Mich. 283.]

*Ejectment—Estoppel—Affidavit for order of publication.*

Where a defendant in ejectment obtained possession from the executor of an estate, he is estopped, as against the estate or persons claiming thereunder, from denying their possessory right ; and if they rely on the estoppel, and recover possession, defendant has the burden of disproving their title.

Whether jurisdiction of foreclosure proceedings is not acquired where the affidavit for the order of publication is sufficient—*Q.*

Error to Kalamazoo.   (Mills, J.)   Jan. 11.— Jan. 17.

EJECTMENT.   Plaintiff brings error.   Reversed.

*Breese & Stearns* for appellant.

*Howard & Roos* for appellee.

MARSTON, J.   The evidence in this case is undisputed that defendant Crooks obtained possession of the premises in controversy from one of the executors of the estate of Seth Wheelock, and that as against the estate or those claiming under or through the same, he is estopped from denying their possessory right thereto, and the court should have so charged the jury.   *Jochen v. Tibbells* ante p. 33.

There must therefore be a new trial, and as the plaintiff may, as she has the right, rely upon the estoppel and recover a judgment giving her the possession, thus compelling the defendant to take the initiative to inquire into the plaintiff's title, should he think proper so to do, we deem it better to abstain from examining the other questions in the case.   We may add however that we are by no means satisfied that all the tax deeds were shown to be defective, or that the court did acquire jurisdiction in the foreclosure proceedings, the affidavit for order of publication having been sufficient whatever the facts previous thereto may have been.   The

case may therefore assume a very different aspect upon the next trial.

The judgment will be reversed, with costs, and a new trial ordered.

The other Justices concurred.